UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAREN DANZY,

        Plaintiff,

v.

IATSE LOCAL 22 et al.,

        Defendants.

Civil Case No. 18-673

## ORDER

Under its collective bargaining agreements with various local venues, the International Alliance of Theatrical and Stage Employees' Local 22 chapter runs a hiring hall for D.C.-area stagehands, including pro se plaintiff Daren Danzy. After union members alleged Danzy engaged in verbal, physical, and sexual misconduct, Local 22 held a hearing and suspended him from the hiring hall. In response, Danzy sued the union and several of its members in D.C. Superior Court for breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation. The union and its members removed, and now move to dismiss Danzy's complaint under Rule 12(b)(6).

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). So before proceeding further—and consistent with its obligation to "liberally construe[]" pro se complaints, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)—the Court must figure out what Danzy's complaint actually says. His breach of contract claim boils down to an argument that Local 22 violated its own referral rules by suspending him. *See* Compl. ¶¶ 45–52, ECF No. 1-2. His breach of good faith and fair dealing claim goes a step further, arguing his suspension was "unreasonable, willful, reckless[,] and

unjustified." *Id.* at ¶¶ 53–56. His defamation claim, by contrast, apparently alleges Local 22's policy of informing union members of his suspension constituted defamation. *Id.* at ¶¶ 43, 57-63.

So at bottom, Danzy's complaint challenges Local 22's application of its own rules and policies. Yet federal law "allow[s] unions great latitude in resolving their own internal controversies, and, where that fails, to utilize the agencies of Government most familiar with union problems . . . before resort to the courts." *Calhoon v. Harvey*, 379 U.S. 134, 140 (1964). Specifically, the Labor Management Relations Act, 29 U.S.C. §§ 141–197 (LMRA), precludes this Court's jurisdiction over Danzy's claims.

First, his challenge to Local 22's application of its own referral rules, framed as claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The LMRA gives the National Labor Relations Board (NLRB) exclusive jurisdiction over claims by bargaining unit members arguably constituting challenges to a union's application of its rules or policies. *See* 29 U.S.C. § 158(b)(1)(A) (characterizing restrictive or coercive application of union rules as an unfair labor practice); § 160(a) (giving the NLRB exclusive jurisdiction over unfair labor practices); *see also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) ("When an activity is arguably [an unfair labor practice under the LMRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] . . . ."). In other words, district courts have no authority to decide a bargaining unit member's challenge to the union's application of its own rules or policies. This is true even if the challenge is framed under state common law: "It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 292 (1971). So because Danzy challenges Local

2

22's application of its own rules, jurisdiction for his breach of contract and breach of good faith and fair dealing claims rest with the NLRB—not this Court.

The same is true for Danzy's defamation claim. As an initial matter, Danzy falls short of his obligation to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). He never explains exactly what the allegedly defamatory statements were; he only summarizes what they "convey[ed] and insinuat[ed]." *See* Compl. ¶ 43. And he never specifies who made the statements; though he directly mentions the union at one point, *id.* ¶ 60, he more frequently refers to the plural "defendants" without specifying which ones, *e.g.*, *id.* ¶ 61. Nor does he say who heard the statements beyond gesturing to "third parties." *E.g.*, *id.* ¶ 58. Hence his defamation claim is precisely the kind of "unadorned, the-defendant[s]-unlawfully-harmed-me accusation" tendering "naked assertion[s] devoid of further factual enhancement" that Rule 8 forecloses. *Ashcroft*, 556 U.S. at 678 (second alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). *See generally Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 169 (D.D.C. 2013) (noting "District of Columbia law" requires a plaintiff's "factual allegations of defamation be specific enough to allow [d]efendants to 'form responsive pleadings'" (quoting *Hah*, 977 A.2d 941, 948 (D.C. 2009))). But more importantly, because the LMRA "encourage[s] free debate" in the context of labor relations, it preempts state defamation law except where actual malice is found. *Linn v. United Plant Guard Workers*, 383 U.S. 53, 61-62 (1966) (noting the LMRA "tolerates intemperate, abusive and inaccurate statements made by the union during attempts to organize employees"). Thus—even excusing his complaint's other deficiencies—the LMRA preempts Danzy's defamation claim since he never alleges actual malice.

3

That leaves Danzy's claims against the individual union members. Yet the LMRA specifically restricts liability for unfair labor practices to "only the union . . . [;] the union members [a]re not to be subject to levy." *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 247-48 (1962). Put another way, plaintiffs cannot obtain monetary damages from individual union members under state law for the union's alleged violation of its own rules or polices (or for any other alleged unfair trade practice). *Id.*; *see also Hollie v. Smith*, 813 F. Supp. 2d 214, 220-21 (D.D.C. 2011). Under the LMRA, those claims are cognizable only against the union itself.

\* \* \*

In sum, the Court does not have the power to decide Danzy's claims against the union, and the LMRA bars his claims against the individual union members. So since this Court lacks jurisdiction, it **GRANTS** the defendants' motion [6] and **DISMISSES** Danzy's case.

Date: March 25, 2019

Royce C. Lamberth
United States District Judge